## Hugh H. Wright v. Owen Dudley and others.

Where an appeal is taken in Chancery, in a case in which the witnesses were examined in open court, the proper course for the party desiring the testimony to be certified to the Supreme Court, under the statute, is to make a case setting it forth, present it to the Circuit Judge, and procure his order, fixing the time and place when and where it shall be settled, and for notice to the opposite party, that he may attend and propose amendments; or, instead thereof, take other equivalent proceedings.

WRIGHT v. DUDLEY.

Where no proceedings are taken for the settling of such a case, but the party appellant, without notice to the opposite party, procures and files with the appeal papers a certified copy of the Judge's minutes of the evidence taken on the trial, such copy can not be treated as a case made under the statute, or considered in this court on the hearing.

Either of the parties has the right to procure [such a case to be settled; and, if the appeal is regularly taken, and neither party take steps to have a case made and settled, the cause will stand for hearing without the testimony, and it will then devolve upon the appellant to show that the decree is not warranted by the pleadings—the presumption being that there was evidence below to authorize it.

The statute allowing three months after trial for the making of such a case, will be construed to allow three months from the time decree is made.

*Heard April 10th. Decided April 11th.*

Appeal in Chancery from Shiawassee Circuit.

*A. Gould,* for complainant, who is appellee, moved to have the appeal dismissed, because the appellants had failed to cause a case, embodying the testimony, to be made and settled under § 3511 of Compiled Laws.

From the papers in support of the motion, it appeared that the cause was heard in the court below November 12th, 1858, on proofs taken in open court, and decree made as prayed by complainant, February 6th, 1859; that an appeal was regularly taken to this court, and return made to the appeal, but no case setting forth the evidence at large had been made and settled before the Judge who tried the case, though without notice to the solicitors for the appelee, the appellant had procured from said Judge and filed in this court, a copy of the Judge's minutes of the testimony taken on the trial, certified by such Judge.

The motion to dismiss was noticed for the January term, but stood over to this term by consent of parties.

*H. McCurdy,* for appellant, claimed that if the copy of the judge's minutes was not a case regularly settled under the statute, the defect was at most a mere irregularity, which the appellee should have taken advantage of at the first opportunity; and that he waived his right to do so by neglect to move at the last October term, previous to which time return had been made to the appeal, and the appellee notified thereof.

WRIGHT *v.* DUDLEY.

THE CHIEF JUSTICE:

This being an appeal from a decree in Chancery, in a case in which the witnesses were examined in open court, the only way in which it can be tried here upon the facts, is upon a case made and settled as prescribed in §3511 of Compiled Laws, which provides that "in case any cause in Chancery shall be so tried in open court, either party shall be entitled to make and settle a case, setting forth the evidence at large before the Judge who tried the same, at such time and in such manner as said Judge shall direct, or as shall be prescribed by the rules of said court; and upon the making and filing of such case within three months after such trial, the same shall be taken and deemed to be the evidence in said cause, to the same extent and with like effect as if the said testimony had been taken before a Circuit Court Commissioner, and certified by him."

There is no such case before us, but the Circuit Judge has transmitted instead a certified copy of his minutes of the testimony exhibited before him. The obvious intention of the statute, is to confer upon parties the right to settle a case, setting forth the evidence given in the court below, for the consideration of this court in the hearing upon appeal, to avoid the omissions and misapprehensions of the Circuit Judge, which might easily occur in the haste and perplexities of the trial before him. Certainly we have no more authority to consider his minutes of the testimony than those of counsel.

The proper course in this class of cases, is for the party desiring the testimony to be certified to us, to make a case setting it forth, present it to the Circuit Judge, and procure his order, fixing the time and place when and where it shall be settled, and for notice to the opposite party, that he may attend and propose amendments; or instead thereof to take other proceedings equivalent. The practice should be assimilated, as near as may be, to that of making cases

for review at law. This course will secure to each party a full opportunity to have the testimony exhibited in this court substantially, if not literally, the same as that exhibited below.

This motion is made to docket and dismiss the appeal for want of such a case. This we think to be irregular. The appeal has been regularly taken, and if neither party desires it to be heard upon pleadings and proofs, but they are content to submit it without the testimony exhibited below, we think they may do so. But as we construe this section of the statute, either party may initiate proceedings for making and settling a case. If neither does it, and the case is brought to a hearing, it will necessarily devolve upon the appellant to show that the decree is not warranted by the pleadings; the presumption being that there was evidence below to authorize it.

Motion denied without costs.

*Gould*, suggested a difficulty in this statute, that it required the case to be made and settled within three months *after the trial;* and the cause might not be decided within that time.

THE CHIEF JUSTICE:

We must construe the statute to mean three months after the trial is concluded by decree.