## KAISER v. KELLAR.

1. Receiver: DAMAGES. Where a plaintiff at whose instance a receiver was appointed to take charge of personal property, acted in good faith, upon probable cause, he is not liable for injuries done to the property while in the hands of such receiver.

*Appeal from Des Moines District Court.*

### THURSDAY, JUNE 28.

DEFENDANT conveyed to plaintiff certain lands in 1855 and 1859. It being supposed that the title had failed, he executed a bill of sale upon certain personal property to secure plaintiff in the event of such failure. Certain persons were named in this bill of sale or chattel mortgage as trustees, who failing to serve, plaintiff filed this bill, asking the appointment of a trustee or receiver for reasons therein stated. This was some three months after the execution of the mortgage. The receiver was appointed as prayed. Defendant answered, attacking the mortgage for fraud, duress, &c., and also alleging that at the time of the conveyance he had full title to the land. He also alleges that the personal property was taken in charge by the receiver, at the instance of plaintiff, without cause; that plaintiff had no right of action; that it has been neglected, squandered and totally lost to defendant, and in a cross-bill he claims damages therefor. On the final hearing the original and cross-bills were dismissed, and defendant appeals.

*M. D. Browning* for the appellant.

*J. C. & B. J. Hall* for the appellee.

WRIGHT, J.— At the time of taking the chattel mortgage and filing the petition asking for a receiver, there was an apparent defect in the title of the defendant to the land in controversy.

That is to say, the title of the patentee under which he claimed had been set aside by the authorities at Washington, and it was not then known that his title could be perfected. 'Plaintiff, therefore, had an apparent substantial cause of action against him, and there was a sufficient consideration for the security thus taken. It was not until in June, 1864, a few months before the case was finally decided, that the adverse entry was set aside and the patent issued to the party under whom defendant claimed. And it was doubtless for the reason that plaintiff's title was thus made perfect, that this bill was dismissed by the court below.

Appellant insists, however, that he should have recovered on his cross-bill for the loss and injury resulting to the personal property placed in the hands of the receiver. As already suggested, plaintiff did not commence his action without probable cause. There is nothing to sufficiently establish an intention to oppress or harass the defendant. There was no abuse of the power of the law; but it only appears that plaintiff in good faith availed himself of his legal rights to secure himself against a fairly probable loss.

The property passed by order of court into the hands of the receiver, who gave bonds for the faithful execution of the trust. It seems to us that defendant's remedy is against him and his sureties for any injury sustained, and not against plaintiff. If there was fraud on plaintiff's part, if it appeared that he combined or colluded with the receiver to oppress or harass the defendant, if it appeared that he commenced his action without probable cause and for the mere purpose of injuring defendant, the case would be different. Nothing of this kind appears, however, and hence there was no error in dismissing the cross-bill. Nor is it shown that plaintiff exercised any control over the property, or had anything to do with its management or disposition. The receiver was appointed not for the bene-

fit of the plaintiff, or for one party in interest, but for all. He was an officer of the court and subject to its orders and directions. The object was to secure the property for the benefit of such party as should appear to be entitled to it. If there was fraud, negligence or want of good faith on the part of the receiver, whereby the property or its value was lost, in whole or in part, to the defendant, he of course should have his remedy. And this the law gives him against the party guilty of the wrong.

That defendant sustained an injury to his property, by the fault of some one, seems to be pretty clear from the testimony. But he has not shown such wrong on plaintiff's part as to make him liable. And this is all we decide. Whether the receiver and his sureties are, is a question not before us. As to receivers and their duties, see 1 Story Eq. Jur., 830–835; Rev., ch. 133, and cases there cited.

Affirmed.