### NORMAN v. CURRY.

APPEALS—*Regulated by the Code*—The provisions of the Code of Practice, in relation to appeals, regulate the practice and are the general law for proceedings in that respect in all the courts, and they prescribe the requisites for all changes from one court to another, in bringing and prosecuting suits through all the courts.

CONSTRUCTION OF STATUTES—*Sec.* 16, *Act of* 1868.—Section 16, of "An act to amend chapter sixty-nine of *Gould's Digest*, etc., approved July 16, 1868, was not enacted under its appropriate title, and further, in so far as it prescribes a condition precedent to the right of appeal, by the payment of all costs, is in conflict with *Sec.* 4, *Art.*, 7, *State Const.*, and is inoperative.

PETITION FOR MANDAMUS.

*A. H. Garland*, for Petitioner.

GREGG, J.—On the 6th of February, 1872, Norman filed in this court his application for a mandamus against John J. Curry, as the clerk of the Ashley Circuit Court, and alleged that one Henry Lee had, at the October term, 1871, obtained judgment against him for $639 00, from which judgment he had duly appealed to this court, and that he had filed in that court his supersedeas bond, which had been legally approved and a supersedeas awarded; that, thereafter, he demanded of said Curry a transcript in that cause, and tendered him all his fees for making out and certifying such transcript, but that said Curry refused to make out and deliver to him such transcript.

Curry responds that the allegations in the petition are true; but he insists that he was not bound to make out such transcript until the petitioner, who was the appellant in the cause in that suit, had paid all the costs that had accrued in the cause, and he refers to *Section* 16, *p.* 243, *session acts of* 1868, which is as follows : "That in all cases of appeal to any superior court, the clerk of the court, or the justice of the peace, from which the appeal is taken, shall not be required to deliver or forward the transcript until his fee for such transcript, together with all costs that may have accrued, are paid."

This section was interpolated in an act declaring the amount of fees allowed certain State and county officers, which was not an appropriate title under which to insert a general provision of law regulating practice and prescribing conditions of appeals in the courts. During the same session of the Legislature they enacted and adopted a Code of Practice which, on the first day of January next, thereafter, was to, and did go into effect for all purposes, and all proceedings were, after that time, to conform to its provisions. *Civil Code*, *Sec.* 890.

This Code provides, *Sec.* 859, that the judgment or final order of an inferior court may be taken to the Supreme Court by an appeal. By *Sec.* 866, the appellant may be required to give security for costs, *Sec.* 869, provides that an appeal shall not stay proceedings on the judgment, unless a supersedeas is issued. The next section prescribes the conditions of a bond for supersedeas. *Section* 871 provides that where a proper bond is executed a supersedeas shall be awarded. *Section* 873 provides that if the appellee believes the bond defective, or the securities insufficient, he may move the Supreme Court, or a judge thereof, to discharge the supersedeas, etc.

These Code provisions are intended, especially, to regulate the practice in all the courts. This is the general law for proceedings in the courts and for all changes from one court to another, and it was evidently intended to prescribe the whole course of bringing and prosecuting suits through all

the courts; and it prescribes all the requisites necessary to give an appeal from one court to another, and to secure the appellee and officers of court in all their rights. Under the Code the payment of costs is not a prerequisite, and upon complying with what is prescribed, this law declares an appeal shall be granted, and, if the clerk of the inferior court is not bound to make out a transcript, no appeal can be prosecuted against his consent.

This Code of law being complete in itself and enacted especially to regulate the practice in the different courts, and as it is enacted, in its own provisions, that other laws may be in force until the first of January, then next following, but thereafter all practice and proceedings should conform to its provisions, and that none of its provisions should be repealed unless such intention be expressly stated, and title, article or section to be amended or repealed, shall be particularly referred to and recited in the act amending or repealing the same; and hence lays down the general rules of practice on this subject. *Sedg. Stat. & Const. L.*, 124.

But as this statute prescribes a condition precedent to the right of appeal and, in instances where a litigant is appealing from an erroneous judgment for costs only, would deprive him of the benefit of his appeal, we hold that it is in conflict with *Section 4, of Art. 7, State Const.*, which authorizes the bringing of final judgments of inferior courts into the Supreme Court for revision, and therefore it is inoperative; *Simpson vs. Simpson, 26 Ark.*

A mandamus is awarded.