THE PEOPLE'S ICE COMPANY v. THE STEAMER EXCELSIOR.

*Destruction of ice-field—Boat and vessel law—Practice on appeals—Settlement of case.*

The Supreme Court cannot act on a mere transcript of the stenographer's notes of the testimony not authenticated by the certificate of the trial judge.

The willful destruction of an ice-field by running a vessel so near it as to break it up gives a cause of action for damages within the Boat and Vessel Law. Comp. L., ch. 210.

On an appeal under the Boat and Vessel Law, the case must be certified by the trial judge, and the Supreme Court cannot act on a mere transcript of the stenographer's notes of the testimony taken on the trial below.

The Supreme Court can modify a decree on proceedings under the Boat and Vessel Law by including the parties to the bonds.

Proceedings under the Boat and Vessel Law are special, and differ from proceedings in either law or equity. Such causes are tried like cases at common law, but on appeal are to be tried over again, and the appellate court is not confined to the evidence taken below.

Where a common law form of reviewing statutory proceedings does not exist, or is not resorted to, the conditions and form of appeal depend entirely upon statute, and cannot be changed or aided by judicial action.

Appeals in equity, under Michigan statutes, must be heard on the identical facts shown in the lower court, and the trial judge must settle the testimony, which he may do with the aid of the stenographer's minutes and on hearing counsel; but the stenographer's notes are not admissible as evidence on the appeal, and the judge must set out his own statement.

Appeals under the Boat and Vessel Law resemble those from probate and justices' courts rather than in equity, and complete provision for obtaining testimony is made to enable the appellate court to determine the rights of the case, and not simply to find whether the judge below had come to a correct conclusion on the facts before him.

Upon appeals under the Boat and Vessel Law the hearing shall be *de novo*, not upon oral testimony but on a transcript of the pleadings and decree below and on any original depositions and testimony taken by either party within sixty days after the appeal unless the time is extended, such testimony being taken by deposition before a judge or circuit court commissioner if the witness is within the State, and by commission if not.

Where an appeal from a decree under the Boat and Vessel Law, was brought to the Supreme Court under a misapprehension as to the requirements regarding the taking of testimony, the court gave them additional time within which it could be taken.

Appeal from Wayne. Submitted April 14. Decided April 21.

COMPLAINT under the Water-Craft Act. Complainant and respondent both appeal.

*Geo. H. Lothrop* and *G. V. N. Lothrop* for complainant.

*Wisner & Speed* for respondent.

CAMPBELL, J. This is a proceeding under the Boat and Vessel Law, being found in chapter 210 of the Com-

43 MICH.—44.

piled Laws of 1871. The cause of action set up in the complaint was the destruction of ice formed on the premises of the complainant within its boom on Belle Isle. The damage was done by running the vessel rapidly up and down the Detroit river close to the boom, so that the swell thereby created broke up the ice field.

The complaint sets up a cause of damage very clearly within the statute, and the statute itself was enforced in *Brig City of Erie v. Canfield* 27 Mich. 479. The cause was tried without a jury and damages found to the amount of $1000. Both parties appealed. All the testimony appears to have been taken in open court. No new testimony was taken after the appeal. The clerk returns what is supposed to be a copy of the stenographer's notes. No other testimony appears in the record.

There is no testimony on which we can act, as we have nothing certified, and taking the case as it stands we can only modify the decree so as to render it against the parties to the bond, in accordance with section 28 of the statute.

But as this is the first case which has been brought before us under this statute on appeal, we have been called on to consider the requisites for a rehearing on the facts.

The proceedings are special and different in some respects from either legal or equitable cases. Where there is no common law form of review, or where if there is one it is not resorted to, the conditions and form of appeal depend entirely upon statute, and cannot be changed or aided by any judicial action. These causes are tried like common law causes, but on appeal they are to be tried over again. We are therefore compelled to see how far provision is made in that direction.

In equity cases the statutes of this State have always required the appellate court to rehear the appeals on the identical facts brought to the attention of the court from which the appeal is taken. When heard in open court the judge who heard the cause must settle the testimony,

and we have been compelled in all cases where he has not done so to reject it. *Wright v. Dudley* 8 Mich. 74; *Moote v. Scriven* 33 Mich. 500. The statutes have provided very carefully how such cases are to be settled. The stenographer's notes are not admissible for any purpose as evidence on appeal, and until the judge has settled the case with such aid from them as he will usually find, and after such a hearing of counsel for the parties as will enable him to avoid mistakes as to what was really sworn to, there can be nothing for the appellate court to consider. *Moote v. Scriven.* It has also been held that the stenographer's minutes cannot be used to show what occurred on a trial, but the judge must set out his own statement. *Campau v. Judge of Superior Court* 40 Mich. 630.

By an examination of the Boat and Vessel Law, it will be found that appeals from it are more like justice's and probate appeals than equity appeals, and that complete provision has been made for obtaining testimony, not to revise the action of the circuit court to determine whether he came to a right conclusion on the facts before him, but to determine on what is a new trial what the rights are as shown by the testimony presented to the appellate court.

Section 37 makes it the duty of the clerk of the circuit court to send up a transcript of the pleadings and decree, and to send up any original depositions taken in the case. To ascertain in what way any such depositions can get into the case, we must look at section 47, which prescribes in what manner the cause is to be heard originally. That section declares that "the proceedings and practice under this act shall be the same as in personal actions at law, except as herein otherwise provided, so far as the same may be applicable, and the depositions of witnesses may be taken for the same causes, in the same manner, and with the like effect as in personal actions."

By chapter 188 of the Compiled Laws, depositions

may be taken without a commission in this State where a witness is sick, aged or infirm, or about to depart from this State, and therefore there is reason to apprehend he may not be able to attend the trial. Depositions may be taken by commission, outside of the State, if the witness is not within the State.

By section 38 of the Boat and Vessel Law it is declared that the hearing of this court "shall be *de novo* upon such transcript and depositions, and further testimony taken as provided in the next section."

The next section, 39, provides that either party may take testimony within sixty days after the appeal, unless the time is extended, "by deposition or commission, in the mode now provided by law in any case, without regard to the place of residence of the witness."

This section precludes the hearing in this court of oral testimony, and enables depositions to be taken within the State before a judge or circuit court commissioner, and beyond the State by commission, but allows residents as well as non-residents to have their testimony taken, and requires no witness to be produced in open court.

The statute, therefore, has made express provision for all contingencies and has left nothing to be regulated by the courts. It was the duty of the appealing parties to have the depositions of their witnesses regularly taken.

But inasmuch as section 38 allows an extension of time to take such testimony, we think it is within our discretion still to permit it, and as both parties have acted under a misapprehension, we think it only right to give them time. We shall therefore allow testimony to be taken at any time within sixty days. If the parties choose to close it earlier, or to stipulate upon it, of course they can do so.

The other Justices concurred.