BURRELL v. NEW YORK AND SAGINAW SOLAR SALT CO.

. The plaintiff, through his attorneys, applied to the clerk, as taxing officer, for the allowance of double costs, according to the provisions of § 3736 of the Compiled Laws, which he re-fused. Application was thereupon made to the Circuit Judge to cause an entry to be made in the minutes of the Court, specifying that the facts appeared in said case entitling the plaintiff to double costs, as provided in § 5636 of the Compiled Laws. This application was denied. And the plaintiff, therefore, filed this petition for a mandamus directing the Circuit Judge to cause such entry to be made in the minutes of the Circuit Court.

*Ward & Palmer* for relator.

*Gray & Larned* for respondent.

---

### Harvey D. Burrell v. New York and Saginaw Solar Salt Co.

*Rule of damages. Pleading.* Under a general allegation of damage, a party is entitled to recover those damages only which the law presumes to have accrued from the wrong complained of. And when labor is to be performed, from which a profit is

BURRELL *v.* NEW YORK AND SAGINAW SOLAR SALT CO.

to spring as the direct result of work done, at a contract price, and one party is prevented from earning such profit by the wrongful act of the other, the law will presume that such loss is the direct and natural result of the breach of the contract. *Allison v. Chandler*, 11 *Mich.* 542. The declaration need not contain a special allegation of such loss to enable a party to recover, if it sets up the substantial nature of the grievance.

*Heard October 26th and 27th.    Decided November 11th.*

This is a case made, after judgment, in the Saginaw Circuit for review by the Supreme Court.

The action was assumpsit brought to recover damages under a contract, by reason of the defendants preventing its fulfillment.

The declaration contained a special count, setting out the written contract and averring in general terms that plaintiff agreed to construct for defendants 2,600 salt vats and covers for the sum of $13 each; that defendants agreed to furnish certain materials, &c.; that the parties entered upon the performance of their contract; that defendants failed to furnish and deliver materials as agreed upon, and finally requested plaintiff to abandon said contract.

The declaration also contained the common counts. Defendants plead the general issue, with notice of set-off. The cause was tried by the court and judgment rendered in favor of plaintiff for $4,516, to which judgment defendants excepted.

The case was settled on motion of defendants, for review by the Supreme Court on the evidence and the law. The facts sufficiently appear in the opinion of the Court.

*H. Joslin* and *Gage & Glover* for plaintiff.

1. The declaration is sufficiently certain to entitle the plaintiff to prove a breach of the contract, and recover damages therefor; special damages are also sufficiently alleged to entitle the plaintiff to recover such as are proved. The common counts, when sufficient, without special counts. 1 *Ch. Pl.* 9 *Amer. Ed.* 399; 2 *T. R.* 105, 604; 3 *East*, 80, 85. Plaintiff may recover on common counts when there has been an agreement,

if it has been executed or put an end to. *Parkins v. Hart,* 11 *Wheat.* 237; *Jewell v. Schroeppel,* 4 *Cowen,* 564; *Cochrane v. Totum,* 3 *Monroe,* 405; *Keyes v. Stone,* 5 *Mass* 391.

So·that only a duty to pay the money remains. *May v. Wakefield,* 7 *Vt.* 228. It is not necessary in such case to declare specially. Such damages as may be presumed necessarily to result from the breach of contract need not be stated with any great degree of particularity in the declaration.

The damages sustained are matters of evidence, and need not be alleged, nor are they scarcely ever stated but in a general manner. 1 *Ch. Pl. 9th Amer. Ed.* 235.

The defendants' " objection to the uncertainty of the declaration, and all evidence to show special damages, because no special damage was sufficiently alleged" is without force, and lacks point, because not sufficiently specific. The defendants were bound to lay their fingers on those points, which arise in admitting or denying evidence, or matter of law, without which the general objection has no force. *Zabriskie v. Smith,* 11 *N. Y.* 480; *Dunckle v. Wiles, Ib.* 420.

2. The contract is admitted, and in evidence. It was performed by plaintiff so far as not prevented by defendants. Plaintiff had the means and ability to complete it.

Defendants failed to perform, and ordered plaintiff to quit the work.

The contract itself furnishes the measure of damages. *Sedgwick on the Measure of Damages, 3rd Ed.* 209.

Under this rule the plaintiff claims to recover the contract price, less the cost of performing it, at the time defendants failed to perform and notified plaintiff to quit. *Masterton v. Mayor of Brooklyn,* 7 *Hill,* 61; *Cook v. the Commissioners of Hamilton Co.,* 6 *McLean C. C. R.* 112; *Griffin v. Colvin,* 16 *N. Y.* 489; *Thomson v. Jackson,* 14 *Monroe,* 114; *Town of Royalton v. R. and W. Turnpike Co.,* 14 *Vt.* 311; 13 *How.* 307.

The damages are to be fixed by this contract at the time

defendants failed to perform, and notified plaintiff to quit, in the season of 1864.

*Wm. L. Webber* for defendants.

1. The declaration is not drawn so as to entitle the plaintiff to give any evidence of a breach of the contract, nor of special damages. The objection was taken when such evidence was first offered, and all testimony on those subjects taken subject to the objection. We insist that the declaration is defective in substance, and such defects are not aided by pleading. 1 *Ch. Pl.* 672.

There is no allegation of special damages. Profits are not a necessary and natural result of a contract, nor is damage a necessary result of a breach on the part of the other party, for contractors as often perhaps lose, as make money by their contracts. Even loss of profits, therefore, should have been specially alleged as damages. 1 *Ch. Pl.* 338.

2. The Judge below adopted as a rule of damages the following: "The plaintiff, therefore, can recover——, the difference between $33,800.00, which was promised for the completed job, and the sum which in 1864 such completed work would have cost the plaintiff, after deducting from such difference what has been paid."

We submit that this rule is erroneous. If 1864 proved to be a very dry season, and therefore a much better one for making solar covers than a wet season would have been, that fact alone should not influence the amount of damages to which the plaintiff is entitled. It cannot be supposed that the parties contracted with reference to any other than an ordinary season. Only such damages can be allowed as can "fairly be considered as having been within the contemplation of the respective parties at the time of entering into the contract." *Allison v. Chandler*, 11 *Mich.* 553; *Griffin v. Colvin*, 16 *N. Y.* 495.

The true rule would be, as we conceive, that plaintiff should

recover the difference, if any, between the contract price and what he could have sub-let the contract for.

COOLEY J.

The plaintiff seeks to recover in this suit the damages which he has sustained by not being allowed to fulfill a contract made with the defendants, under which he was to construct for them twenty-six hundred salt vats and covers on their premises upon Saginaw river. The case comes before us for a review upon the facts, and the only question of law involved in the case is, whether the evidence given by the plaintiff to show damage was properly admitted.

By the contract the defendants were to furnish and deliver on their dock the materials for said vats and covers, as fast as the same should be required by said Burrell, who was to construct at least four hundred vats and covers each month, from the time of commencing the work. The lumber was to be delivered in assorted piles; and the complaint made by the plaintiff is, that in consequence of the lumber not being assorted as it should have been, the labor of loading the same for cartage from the dock to the place were it would be used was greatly increased, and that delays occurred in the delivery of the lumber which essentially hindered performance by the plaintiff, until he finally, at the request of defendants, abandoned the contract altogether. The declaration contains but one special count, which sets out the contract, and avers in general terms that the parties entered upon performance; that the plaintiff was always ready and willing to complete and fulfill it on his part, but that the defendants hindered, delayed and prevented his so doing, by neglecting to furnish materials, so that he only partly executed the same, whereby he is greatly injured and damnified, &c. On the trial the defendants objected to all evidence tending to show special damage, because no special damage was sufficiently alleged; and all the evidence was taken subject to the objection.

BURRELL v. NEW YORK AND SAGINAW SOLAR SALT CO.

Under this general allegation of damage, the plaintiff would be entitled to recover those damages only which the law presumes to have accrued from the wrong complained of. 1 *Chit. Pl.* 395; *Deforest v. Leete,* 16 *Johns.* 122. The wrong. complained of is the failure by the defendants to deliver material, by reason of which the plaintiff was hindered and delayed in the performance, and finally compelled to abandon the contract. The Circuit Judge allowed the plaintiff to recover the profits he would have made, had he been suffered to complete the work; and the witnesses, in making their estimates, were permitted to take into the account the peculiarly favorable season for work of the description to be done. The plaintiff was thus allowed to recover the difference between the contract price and the sum which it would have cost him to complete the contract at the time agreed, after deducting the payments received.

The damages which the law seeks to award to the party wronged, are such as will compensate him for the injury sustained. *Allison v. Chandler,* 11 *Mich.* 542. Where the party is to perform labor, from which a profit is to spring, as the direct result of work done at a contract price, and he is prevented from earning this profit by the wrongful act of the other party, the loss of this profit is a direct and natural result which the law will presume to follow the breach of the contract; and he is entitled to recover it without special allegations in his declaration. The consideration of profits cannot be separated from the circumstances under which the work was to be done; and the plaintiff was entitled to show whatever was peculiarly favorable, and which tended to diminish the cost of completing the contract. Every party in entering into a contract, the profits of which depend upon contingencies, takes upon himself the risk of their proving favorable; and it could not be permitted that one party, after the other had assumed the risk and found the contingencies to result in his favor, should have the option to terminate the contract, and procure the work to be completed at less rates,

without fully compensating the other for the profits which he is wrongfully prevented from earning. The rule of damages adopted was substantially correct, and it only remains to be seen whether the computation made by the Circuit Judge is satisfactory to us, on a review of all the facts.

[The Court then proceeded to an examination of the testimony as to the amount of the damages, and fixed the sum at $2,678 41.]

For this sum, together with costs of the court below, the plaintiff will have judgment. As this sum is a considerable reduction from the amount of the judgment of the court below, the defendants will recover costs of this court.

CHRISTIANCY and CAMPBELL JJ. concurred.

MARTIN Ch. J. *dissenting:*

I concur with my brethren that the Circuit Judge was correct in the rule of damages he adopted and applied in this case. Beyond this I cannot go. As I read the statute, (and such has always been my opinion,) we can only review the judgment of the Circuit Judge upon a special finding of the law and facts, and not upon a general verdict. It is to my mind an absurdity, and inconsistent with the proper duties of this bench, to hold that a party in the court below may waive a jury, and by a case made after judgment, make the members of this court a struck jury (as it were) to try a question of fact. I do not think such to be the office of this court. The evident intent of the Legislature, as it appears to me, was that upon a case made after judgment, we should review special findings, not general verdicts.