JASON STEBBINS v. ASA H. FIELD, ADMINISTRATOR OF LORENZO E. HURD.

43    333
c136  660,

*Administrator's sale—Incumbrances—Statement of consideration—Costs.*

In an action for the price of lands sold at an administrator's sale, the probate proceedings and arrangements preliminary to the sale were pertinent in explaining the true state of facts and were admissible in evidence therefor.

The purchaser at an administrator's sale agreed with the administrator that the amount of any encumbrance against the parcels should be deducted from the face of any nominal bid therefor. *Held* that this was in accordance with the statute which requires a purchaser to take the title as it stands, and that a deed stating the consideration to be the unencumbered value having been corrected according to this understanding at the instance of the purchaser's counsel, the purchaser could not object to the deed on the ground that it stated a smaller consideration than the nominal bid.

Questions relating to the taxability of costs cannot be included in the bill of exceptions.

Error to Superior Court of Detroit.  Submitted April 13 and 14.  Decided April 21.

ASSUMPSIT.  Defendant brings error.

*Ward & Palmer* for plaintiff in error.

*Wisner & Speed* for defendant in error.

CAMPBELL, J. Suit was brought by defendant in error against Stebbins to recover the price agreed to be paid for an administrator's title to certain lands conveyed to him. Judgment was recovered for this amount in the Detroit Superior Court, and is removed into this court on error.

The facts are partly admitted and partly in dispute. The sale was made November 13, 1874, of four parcels. It having been discovered that the first three parcels made up the amount to be raised, the fourth was treated as not properly sold, and forms no part of this controversy. It was afterwards sold on a guardian's sale.

At the time of the administration sale the lands had been sold on a statutory foreclosure for about $4000, and the redemption would run out in June, 1875. It is claimed to have been understood between the administrator and Stebbins before the sale as well as after, that the amount of the encumbrance against each parcel should be deducted from any nominal bid for the clear value, so that no more should be paid for any parcel than its value subject to the encumbrance. The notice of sale provided for the sale of a clear title. The statutes require every purchaser to take the title as it stands, and this understanding, if made, as the jury found, was in accordance with the statutory intent. There was testimony tending to show that in the actual bidding these parcels were not all bid off in the name of Stebbins, but that there was an understanding he should take them, absolute or qualified. After the sale he was reported as the bidder, and the sale was confirmed.

After the sale the administrator's deed was made out, setting forth as the consideration the unencumbered value of the lots. On the objection of his counsel a new deed was made correcting this and some other matters objected to.

There was a controversy as to whether this deed was actually accepted or not, and also as to whether Stebbins took possession and exercised acts of ownership.

Upon this the jury have found that he did accept the deed. The acts of possession were left to the jury merely as circumstances bearing on the acceptance. There was evidence of a proposed proceeding to set aside a tax-title, with which these matters had also some connection.

It was claimed and shown on one side and disputed on the other, that Stebbins kept up continued promises and representations that he would pay for the land, and made excuses for non-payment until near the time when the redemption ran out. He then purchased the foreclosure title, and has since sold the land at a large advance, and repudiated the bargain made with the administrator.

Objection was made to the admission of the probate proceedings and of the preliminary arrangements before sale. We see no reason why they were not all admissible. Their effect is a question to be disposed of separately, but the whole transactions were pertinent and important in explaining the true state of facts. The only errors that need considering relate to the charge.

We see no reason to doubt the apparent regularity of the probate proceedings down to the execution of the deed. The encumbered character of the estate does not appear in the license, notice or report of sale. The sale on its face was regular. What might have been the effect of not mentioning this encumbrance under other circumstances than those before us, or whether it would affect the validity of a sale actually confirmed, we need not consider. In the present case no demand was made of the purchaser for more than the price deducting the encumbrance, and he could not be injured if that price was accepted. He cannot object that the deed finally agreed upon states the lower and not the higher price, because it was altered at his own request.

It seems to us therefore, that the only question of any importance is whether Stebbins accepted the deed. Upon this the matter was very carefully presented to

the jury, and their finding is that he did.    If so, we need not consider whether he would have been bound without acceptance, nor whether the course Stebbins took to delay matters until it was too late to redeem the land might not have worked out a liability on different grounds.

The amount of the recovery, we think, does not vary from the proofs.

A claim was made that there was an arrangement to give time on note and mortgage.    Stebbins never completed or acknowledged the mortgage, and we think there is no foundation in the case, as he chose to present it, for postponing the liability.

A question of taxation of costs appears in the bill of exceptions, but there is no practice authorizing such questions to be included in that way.

The judgment must be affirmed with costs.

The other Justices concurred.