WALKER B. SHERMAN v. CHAUNCEY JOSLIN, CIRCUIT JUDGE
FOR WASHTENAW COUNTY.

*Costs on appeal from a justice—Appeal from taxation—Attendance of
witnesses.*

1. The statute permitting a circuit judge to award the costs, on an appeal
   from a justice, to either party (How. St. § 7026), does not apply
   where the plaintiff has discontinued after the case has been sent
   back to the circuit for a new trial upon a reversal in defendant's
   favor; in such cases defendant is entitled to costs as a matter of
   right.

2. An appellant's right to costs is fixed by the entry of a judgment for
   reversal with costs, if his adversary discontinues without taking a
   new trial.

3. Witness fees must be taxed as costs in accordance with the showing
   made by the statutory affidavit attached to the bill of costs, unless
   there is a counter showing.

4. When an appeal from the taxation of costs by the county clerk is
   taken to the circuit judge, the party appealing should specially ex-
   cept in writing to the allowances or disallowances complained of;
   and the bill of costs should then go upon those exceptions alone and
   on the same showing as was made to the clerk.

Mandamus. Submitted and granted Jan. 29.

*A. E. Hewitt* and *Hewitt & Freeman* for relator.

*E. B. Norris* for respondent.

PER CURIAM.    Sherman was a party defendant in a case
in justice's court, which was appealed to and tried in
the circuit court, where judgment passed against him.    He
brought the case to this Court, where the judgment was re-
versed and a new trial ordered.    The case was noticed for
trial, but before it was reached the plaintiff discontinued
his suit.    The defendant thereupon prepared and served a
bill of costs, and the same was taxed by the county clerk.
Both parties appealed, and the taxation was reviewed by the
circuit judge.

The circuit judge struck out some items in defendant's

bill, and relator insists that this was erroneous. The respondent claims that the circuit judge had a discretion in the case, because it originated in justice's court, and the statute provides that "in all cases heard and determined on appeal, the costs, or such part thereof as to the court shall seem just, may be awarded to either party, as the court may deem just and right between the parties, in view of the peculiar circumstances of each case." How. St. § 7026. We do not think this statute has any application to a case in which the plaintiff discontinues his suit. If he goes out of court voluntarily, the recovery of costs against him is a matter of right. Moreover it appears in this case that judgment for costs in favor of the defendant has been duly entered. The right to costs is fixed by the judgment, and the judge's discretion, if he would otherwise have any, is thereby exhausted. It only remains to see what items of costs the defendant showed before the clerk he was entitled to.

The only items of costs we find improperly disallowed are those of the attendance of the defendant and of two other persons as witnesses. The judge disallowed the charge as to the defendant, on the ground that the judge believed he attended, not as a witness, but to aid in the management of the defense, and he disallowed the charge as to the others because he considered their evidence incompetent. It appears, however, that the affidavit presented by the defendant on the taxation of costs was, as to all three, in compliance with the statute; How. St. § 9002; and where that is the case, and there is no counter showing, the taxing officer must tax for the attendance of the witnesses. In this case there was no counter showing.

It is proper to add, inasmuch as the parties appear to have proceeded somewhat irregularly in this case, that when appeals from the taxation of costs by the clerk are taken to the circuit judge, the party appealing should specially except in writing to such allowances or disallowances as he complains of, and the bill of costs should then go before the circuit judge on those exceptions only, and on the showing and no other that was made before the clerk.

Mandamus must issue.