SCHMIDT *v.* WAYNE CIRCUIT JUDGE.

1. COSTS—TAXATION—APPEAL—JUDGMENT.
    A judgment for costs cannot be disregarded by the clerk in taxing costs, nor disregarded or amended by the circuit judge on appeal from the taxation.

2. SAME—WANT OF EXCEPTIONS.
    Objections to the taxation of items of costs, to which no exceptions were taken before the clerk, cannot be considered on appeal from his taxation.

3. SAME—MANDAMUS.
    The action of the circuit court in retaxing costs may be reviewed on *mandamus.*

*Mandamus* by Christina Schmidt to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate a retaxation of costs. Submitted March 23, 1904. (Calendar No. 20,156.) Writ granted June 7, 1904.

*Barnes & Race*, for relator.

*James Swan*, for respondent.

HOOKER, J. An action of trespass upon lands was certified to the circuit court upon a notice that title to land would come in question. The plaintiff recovered a verdict and judgment for $43 and costs. The costs were taxed by the deputy clerk at $81.15, against the claim on the part of defendant that plaintiff was not entitled to costs, inasmuch as she recovered less than $50 damages. The defendant appealed from this taxation to the circuit court, alleging as grounds (1) that, it not being found that the trespass was malicious, plaintiff was not entitled to any costs; (2) that, the amount of damages recovered being less than $50, no costs were taxable for the plaintiff. The circuit court overruled both of these points, but struck out two items from the bill of costs as taxed, viz.: (1) A

term fee of $5, which he said it was not the practice to allow in such cases; (2) the item of $27.05, being amount added as double costs, under 1 Comp. Laws, § 789. A *mandamus* is asked to compel the vacation of said order, and the taxation of costs at the amount taxed by the deputy clerk.

The judgment entered in the cause was for costs. If the defendant was entitled to costs by reason of the smallness of the verdict, or if neither party was entitled to recover costs, the judgment for costs was erroneous, and could have been corrected upon writ of error. It was not for the clerk to disregard the judgment, but it was his duty to tax the costs in accordance with it; and the circuit court, on appeal from the taxation, could neither disregard nor amend the judgment. Again, no exception was taken to the allowance by the clerk of the term fee or the item of double costs. See *Sherman* v. *Washtenaw Circuit Judge*, 52 Mich. 474 (18 N. W. 224, McGrath, Mand. Cas. 579); *Fisher* v. *Kent Circuit Judge*, McGrath, Mand. Cas. 604. The circuit court should not, therefore, have disallowed the items. Consequently it is unnecessary to pass upon the question of the propriety of the taxation of the items mentioned. See *Haney* v. *Muskegon Circuit Judge*, 101 Mich. 392 (59 N. W. 662). We are aware that in some instances the rule has been disregarded, where the question of remedy has not been discussed; but it seems clear that an erroneous judgment that a party recover his costs to be taxed should be reviewed on error, and in no other way, whatever may be the method of reviewing the action of the circuit court in matters arising upon his review of the taxation of costs.

It is said that *mandamus* is not the proper remedy to review a retaxation, and this is supported by the case of *People* v. *Wayne Circuit Judge*, 14 Mich. 34, in which it is said that error is the proper remedy in such a case, and that *mandamus* is not. That case accords with the rule in other States, but we are of the opinion that later

decisions of this State are not in harmony therewith; several cases holding that error is not a proper remedy, and that matters arising upon taxation of costs have no place in a bill of exceptions, though we see no reason why they should not be considered when they are so included, as is done in other States, and as has probably been done without objection in some cases in this State. It would seem superfluous to compel an appellant to supplement his writ of error with a *certiorari* or *mandamus*, or lose the benefit of his points upon the taxation of costs. But the cases of *Abbott* v. *Mathews*, 26 Mich. 176, *Lorman* v. *Insurance Co.*, 33 Mich. 65, and *Stebbins* v. *Field*, 43 Mich. 336 (5 N. W. 394), hold that error is not the proper remedy. These cases do not point out the proper remedy, but it has been the common practice to review the action of the circuit court by *mandamus* in retaxation proceedings.

The writ is granted, with costs.

The other Justices concurred.