UNIVERSALIST GENERAL CONVENTION *v.* VAN BUREN CIRCUIT JUDGE.

COSTS — PROBATE APPEALS — CONTESTED CASES — DISCRETION OF COURT.

> Where a probate appeal was voluntarily dismissed in circuit court, after the order of the circuit court had been reversed and the order of the probate court affirmed by the Supreme Court, the case was a " contested case " within the purview of section 681, 1 Comp. Laws, and it was within the discretion of the circuit court to deny costs to either party.

Mandamus by the Universalist General Convention to compel John R. Carr, circuit judge of Van Buren county, to set aside an order denying costs. Submitted June 6, 1905. (Calendar No. 21,112.) Writ denied July 21, 1905.

*Lincoln H. Titus* (*William G. Howard,* of counsel), for relator.

PER CURIAM. The relator was the residuary legatee

in the will of Ann Smith, deceased.    From an order of
the probate court of the county of Van Buren directing the
payment of the residue of said estate to relator an appeal
was taken to the circuit court by John Cook, one of the
heirs of said Ann Smith, deceased.    After this appeal was
taken the case was tried in that circuit, and the order of
the probate court reversed.    The case was then reviewed
in this court, and the judgment of the circuit court re-
versed.    See *Cook* v. *Universalist General Convention*,
138 Mich. 157.    Thereafter, on motion of defendant Cook,
an order was entered in the circuit court for the county of
Van Buren dismissing said appeal and denying costs to
each party.    Relator, under the claim that respondent had
no discretion to deny its costs, asks a mandamus direct-
ing him to enter an order taxing the same against appel-
lant Cook.

The issue in this case depends upon the proper construc-
tion of section 681, 1 Comp. Laws, which reads:

" In all cases that shall be contested, either in the pro-
bate court or in the circuit court, such court may award
costs to either party, in its discretion, to be paid by the
other, or to be paid out of the estate which is the subject of
the controversy, as justice and equity shall require."

Relator claims that this statute properly construed has
no application to the case at bar, because appellant volun-
tarily dismissed his appeal.    In support of his contention,
he relies upon *Sherman* v. *Washtenaw Circuit Judge*,
52 Mich. 474.    There we held that the statute (section 930,
1 Comp. Laws) giving discretion to the circuit judge re-
specting costs " in all cases heard and determined on ap-
peal " from justice's court had no application " to a case
in which the plaintiff voluntarily discontinued his suit."
We do not think that case controlling.    On appeal from
justice's court the circuit court has no discretion respect-
ing costs unless the case is " heard and determined."    On
appeal from probate court the circuit court has discretion
" in all cases that shall be contested."    This language does

not justify our holding—as we must to uphold relator's contention—that this discretion may not be invoked until the contest has resulted in a final determination. In the case at bar the appeal was contested within the meaning of the statute, and therefore respondent acted within the limits of his discretion in making the order complained of.

The mandamus asked for should be denied.