### WOOD v. WAYNE CIRCUIT JUDGE.

1. MANDAMUS—PROPRIETY—ALLOWANCE OF SOLICITOR'S FEES.
   Mandamus is not appropriate to review the denial of a motion to vacate a decree in partition in so far as it allows a fee to complainant's solicitor and to allow a fee to defendant's solicitor, appeal being the proper remedy.

2. SAME—RETURN—CONCLUSIVENESS.
   On an application for a mandamus to compel the circuit court to grant relator's motion for an allowance of solicitor's fees in a partition suit, a return by respondent that he decided against the claim of relator from his knowledge of the history of the case and the services rendered in it, compels a denial of the writ.

Mandamus by E. T. Wood to compel Morse Rohnert, circuit judge of Wayne county, to set aside the provisions of a decree awarding certain costs. Submitted October

8,. 1907. (Calendar No. 22,372.) Writ denied November 5, 1907.

*E. T. & J. Harvey Wood,* for relator.

*Ari E. Woodruff* and *Julius J. Thiede,* for respondent.

Per Curiam. The complainants and the defendants were tenants in common of certain lands. Complainants filed a bill for partition under the statute. Relator Wood and his associates appeared for the defendant Margaret Weber; Ari E. Woodruff and Julius J. Thiede were solicitors for the complainants. The case went to a hearing upon the pleadings, proofs, and the report of the commissioners. There appeared to be no substantial disagreement, and the judge returns that the taking of testimony in the case occupied only about 10 minutes. A decree was entered dividing the property according to the interests of each, fixing the costs at $258, and allowing a solicitor's fee of $100, which were to be paid to the solicitors for the complainant. This amount was divided among the parties litigant according to the interest of each. The relator and his associate objected to the allowance of a solicitor's fee of $100 to complainants' solicitors, insisted that they were entitled to a solicitors' fee of $250, and made a motion to vacate the decree as to the $100 and to allow a fee to them. The court denied their motion. The relator has applied to this court for the writ of mandamus to compel the court to grant that motion. He presents to us a typewritten record of 59 pages, asking a review of the action of the court below. His application must be denied for two reasons, (1) because an appeal was the proper remedy; and (2) the respondent in his return states that he decided against the claim of relators from his knowledge of the history of the case and the services rendered in it.

We see no occasion to disturb his findings.

The writ is denied.