TOWNSEND *v.* JACKSON CIRCUIT JUDGE.

1. PRACTICE—DISCONTINUANCE—COSTS.
    Upon the discontinuance of a cause as to one defendant, at the
    time of trial, under Circuit Court Rule 27, subd. *b*, the right
    to an immediate payment of costs may be waived by suffer-
    ing an order of discontinuance to be entered and the trial to
    proceed.

2. SAME—STATUTES.
    The rights of such defendant to taxable costs are not depend-
    ant upon 3 Comp. Laws, § 11236, requiring a certificate of
    the circuit judge that the joinder was unnecessary or unrea-
    sonable.

3. JUDGMENTS—CONDITIONAL ORDER VACATING.
    An order vacating the judgment obtained by plaintiff against
    the other def ndant, unless the costs awarded on the discon-
    tinuance were paid within 24 hours, is unauthorized.

4. MANDAMUS—ORDERS REVIEWABLE.
    In Michigan the practice prevails of reviewing the taxation of
    costs on mandamus.

5. SAME.
    *Quære*—Whether a conditional order vacating a judgment may
    be reviewed on mandamus.

Mandamus by Lemuel C. Townsend to compel James
A. Parkinson, circuit judge of Jackson county, to vacate
an order awarding costs.   Submitted April 27, 1909.
( Calendar No. 23,345.)   Writ granted June 7, 1909.

*Frank L. Blackman*, for relator.

*Grove H. Wolcott*, for respondent.

HOOKER, J.   Relator brought assumpsit against Lewis
K. Kent and Lou Edda Kent, husband and wife, by at-
tachment; the affidavit alleging the existence of an ex-
press contract.   Upon the trial, and after the conclusion
of the proof, relator moved that he be allowed to discon-

tinue against Lou Edda Kent, under Circuit Court Rule 27; the proof failing to show that she was a party to said contract. An order of discontinuance was thereupon entered in her favor, and, the cause being submitted to the jury, a verdict and judgment were rendered as against Lewis K. Kent. Circuit Court Rule 27, subd. *b*, provides:

"(*b*) When an action is brought against several persons, the plaintiff shall, at any time before the final submission of the cause, be allowed to discontinue as against any of the defendants, upon the payment of costs to them, as in case of nonsuit, and upon such other terms as the court shall direct, and the plaintiff may thereupon amend his declaration, and proceed against the other defendants in like manner, as if the action had been originally brought against them alone."

Relator was afterwards served with a motion to set aside the judgment against Lewis Kent because no costs had been paid to Lou Edda Kent, and at the same time with a bill of costs, with notice of taxation, and at the proper time and place he appeared and objected to such taxation upon the ground that no certificate that the joinder of Mrs. Kent was "unreasonable and unnecessary" had been made by the judge in accordance with 3 Comp. Laws, § 11263, which provides:

"SEC. 8. If in any action founded upon a contract, the plaintiff fail to recover against one of several defendants on the trial, or if judgment on a plea in abatement, or on demurrer, be rendered in favor of one of several defendants; or if, by the plaintiff's discontinuing as to such defendant, he be acquitted; such defendant shall not be entitled to recover costs, unless a certificate be given by the judge or court before whom the trial shall be had or the judgment shall be given, and be entered in its minutes, that such defendant was unreasonably and unnecessarily made a party to such action."

After the costs had been taxed in favor of Lou Edda Kent, relator moved the circuit court for an order setting aside and disallowing the taxation of costs of Lou Edda Kent, and this motion and that of Lewis K. Kent were

heard together. The court overruled relator's motion, and entered an order confirming the taxation made by the clerk, and providing further that the verdicts and judgments theretofore rendered be vacated and set aside, unless the plaintiff (relator) "shall within 24 hours pay said costs and an attorney's fee of $5." Relator thereupon obtained an order to show cause why a mandamus should not issue to require the circuit judge to vacate said order, and the cause is before us on the answer of the judge. The answer shows that neither defendant asked payment of costs before amendment or trial.

Defendant Lou Edda Kent had a right to ask payment of costs before discontinuance, but she did not insist upon it; her counsel permitting the entry of the order of discontinuance the amendment and trial, without protest. This was a waiver of the condition of immediate payment, and she must depend upon her execution for the collection of her judgment. On the other hand, the learned circuit judge did not err in refusing to hold that the defendant was not entitled to costs. It is true that, had plaintiff proceeded under 3 Comp. Laws, § 11263, he would have been protected by its provisions; but he chose to proceed under the rule which gave him the right to discontinue upon the trial with a right to amend. The statute has no application under the circumstances. We must therefore deny the prayer of relator's petition as to the vacation of defendant's order, but we are constrained to hold that the order vacating the judgments cannot stand, and the same must be vacated.

It is urged that mandamus is not a proper remedy for the reason that the order is final and reviewable on error. It has been usual to review the action of the circuit courts on retaxation of costs by mandamus. As we said in *Schmidt* v. *Wayne Circuit Judge*, 136 Mich. 658 (99 N. W. 877), the practice is anomalous, and might in some cases be productive of some unnecessary proceedings. The practice is settled, however, and will be followed, unless hereafter changed by rule. There is perhaps more

doubt of the remedy in relation to the conditional order of the judge in relation to the judgments. If it can be considered final, and perhaps it ought to be, error should be the remedy, for the record seems to show the facts upon which the alleged error is based. In view of the peculiar situation, we dispose of both questions without determining the latter question of practice, leaving that for future consideration if opportunity shall offer in another case.

The writ will issue as indicated.

BLAIR, C. J., and MOORE, MCALVAY, and BROOKE, JJ., concurred.