GARVEY v. JUDGE OF SUPERIOR COURT OF GRAND RAPIDS.

MANDAMUS — JUDGMENT DENYING COSTS NOT REVIEWABLE BY
MANDAMUS.
An order dismissing an action at law without costs to
either party is a final judgment, and review of that portion
thereof denying costs may not be reviewed by mandamus,
but should be reviewed on error or case-made, although
mandamus is the proper remedy by which to determine
what items of costs shall be allowed or disallowed after
a judgment for costs has once been rendered.

Mandamus by Michael Garvey and others to compel
Leonard D. Verdier, judge of the superior court of
Grand Rapids, to vacate an order denying a motion
for taxation of costs. Submitted December 13, 1927.
(Calendar No. 33,407.)   Writ denied January 3, 1928.
Rehearing denied January 19, 1928.

*Michael Garvey* and *Fred C. Temple*, for plaintiffs.
*Dunham & Cholette*, for defendant.

NORTH, J. Suit at law was instituted in the superior
court of Grand Rapids against the plaintiffs herein
by one John Stanks.   There was a cross-action by
Walter Ashman.   After plaintiff had taken a portion
of his proofs, his counsel consented in open court to
a nonsuit without prejudice; and the attorney for the
defendants, Walter Ashman and Frances Ashman, con-
sented to a nonsuit of the cross-declaration without
prejudice.   Thereupon the trial judge announced in
open court "that said actions would be nonsuited
without prejudice."   On the same day (August 30,
1927), the court signed a judgment prepared by plain-
tiff's counsel which, omitting the formal portions, is
as follows:

Appeal and Error, 3 C. J. § 374; Mandamus, 38 C. J. § 160.

"The trial of the above entitled cause having opened in due form, all parties being present by their respective attorneys, and the plaintiff by his attorney having in open court before closing his case consented to a nonsuit of his action against all of the defendants; and the defendants, Walter Ashman and Frances Ashman, his wife, by their attorney, in open court having consented to a nonsuit of their cross-declaration in the above entitled cause; it is hereby ordered that said plaintiff's action against all the defendants and said defendants, Walter Ashman and Frances Ashman's cross-action be and the same are hereby nonsuited without costs to either party. It is further hereby certified that there was reasonable cause for making Michael Garvey, so nonsuited, a defendant in the above action and he, therefore, shall not be and is not entitled to recover costs against the plaintiff."

Plaintiffs herein assert (and this is not denied) they did not know at the time that, incident to the dismissal of the litigation, it was provided it was "without costs to either party," or that the court included in the record his certificate as to there having been reasonable cause for making Michael Garvey a defendant. See section 13693, 3 Comp. Laws 1915. Seven days after the entry of the above judgment, the defendants made an application to the clerk of the court to have costs taxed against the plaintiff. It was then they first learned that judgment was "without costs to either party." The clerk denied defendants' motion for costs. The defendants "appealed to the judge of the court from the refusal of the clerk to tax costs in behalf of said defendants * * * and moved the court to vacate and set aside its order made in which order defendants were denied costs, and to enter an order allowing defendants to tax costs." Upon hearing this motion the trial judge held that the defendants were not entitled to recover costs, and their motion to vacate was denied. After the hearing of the above motion and before the entry of the order denying the same, the plaintiffs caused to be filed in

this court the petition for mandamus now under consideration, wherein they

"pray that a writ of mandamus may issue, commanding said Honorable Leonard D. Verdier (the judge of said court) to set aside and vacate his order made and entered on the 30th day of August, 1927, in which order it was recited that relators are not entitled to recover their costs and the action of said John Stanks against relators be and the same is hereby nonsuited."

Evidently the scope of this prayer is much broader than the plaintiffs herein intend. It asks that the whole judgment entered on August 30, 1927, be vacated. Obviously such relief could be considered only on writ of error or case-made; and not incident to mandamus proceedings. Evidently all the plaintiffs desire is that this court review by mandamus that portion of the final judgment of the superior court wherein costs were denied to the defendants in the original suit. This cannot be done. The order was a final judgment. Mandamus is the proper remedy by which to determine what items of costs shall be allowed or disallowed after a judgment for costs has once been rendered. But it has long been the established law of this State that an erroneous judgment as to costs "should be reviewed on error (or case-made), and in no other way." *Schmidt* v. *Wayne Circuit Judge,* 136 Mich. 658; *People* v. *Wayne Circuit Judge,* 14 Mich. 34; *Haney* v. *Muskegon Circuit Judge,* 101 Mich. 392; *Wood* v. *Wayne Circuit Judge,* 150 Mich. 71; *In re Colburn's Estate,* 153 Mich. 206 (18 L. R. A. [N. S.] 149, 126 Am. St. Rep. 479).

The writ is denied, with costs.

FLANNIGAN, C. J., and FELLOWS, WIEST, CLARK, MCDONALD, BIRD, and SHARPE, JJ., concurred.