ROBERT J. HABERSHAW *et al. vs.* GERTRUDE L. PALFREY.

SAME *vs.* EDGAR W. PALFREY.

APRIL 30, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. These are actions of special assumpsit brought against a wife and husband respectively to recover damages for their alleged violations of a written contract by which plaintiffs had agreed in writing to furnish certain work, labor and material in and about the repair of a building, being the home of the defendants, the title to which was in the wife; and by which the defendants had agreed to pay plaintiffs the total sum of $1578.

The cases are before us on the exceptions of the defendants to the rulings of the trial justice denying their motions for directed verdicts and to other rulings during the course of the trial.

The plaintiffs alleged in their declaration against the husband that they had performed and furnished the work, labor and material so promised, so far as they had been permitted by him to do so; that they had been at all times able, ready and willing to completely perform their agreement; that the defendant, "on or about the 5th day of April, A. D. 1944, did unlawfully and without just cause refuse permission to the plaintiffs to enter upon the premises where the work was to be done, which premises were at that time under the control of the defendant"; and that they were so prevented from completing their agreement and from performing and furnishing the remainder of the labor and material so promised.

Then followed a paragraph near the end alleging that by reason of defendant's special promise and agreement he had become indebted to them in the sum of $1578, of which he had paid them only $789; and that he had refused to pay the remainder although that sum had been demanded of him. The declaration closed with the allegation: "To the damage of the plaintiffs as laid in their writ, One Thousand and

00/100 ($1000.00) Dollars, wherefore the plaintiffs bring suit."

The declaration filed against Gertrude L. Palfrey was practically the same, except for the name of the defendant and except for the allegation that she had promised and agreed "in writing signed by the agent of said defendant to pay to the plaintiffs . . . ".

There were no common counts in either declaration and no demurrer was filed in either case. The actions were tried together in the superior court before a judge and jury. At the close of the testimony, a motion for a directed verdict in favor of the defendant in each case was made on the ground that there was a fatal variance between the proof and the allegations in the declaration. This motion was denied by the trial justice in the case against the husband. In the case against the wife, he correctly called attention to the fact that the common counts were removed from the case by the reliance upon the specific written contract; and that there was no evidence showing that Gertrude L. Palfrey had signed a contract with the plaintiffs, or that she was a party to the contract sued on. However, he then denied the motion of her counsel for a directed verdict in her favor and entered a nonsuit of the plaintiffs in that action.

At the hearing before this court, the attorney for the plaintiffs admitted the soundness of the defendant's contention in the case against the wife, namely, that her exception to the denial of her motion for a directed verdict should be sustained on the authority of *Cranston Print Works Co.* v. *American Tel. & Tel. Co.*, 43 R. I. 88, and *Collins* v. *Palmer*, 70 R. I. 143. In the former of these cases this court, at page 93, said: "If there is no legal evidence to support a verdict it is the duty of the court to so instruct the jury and to direct a verdict for defendant. Refusal to do so is error for which exception will lie. The trial court cannot at this stage of the proceedings order an involuntary nonsuit, and thereby compel the parties to engage in further litigation." This rule has been approved by us in the *Collins* case, *supra*. After

consideration of the evidence and law we agree with that conclusion and therefore the twenty-fifth exception in the case against Gertrude L. Palfrey is sustained.

In the case against the husband, who will hereinafter be referred to as the defendant unless otherwise stated, the jury returned a verdict for the plaintiffs for $547.41 and the defendant duly filed a bill of exceptions containing thirty-one exceptions, all of which were relied upon before us.

The defendant's twenty-fourth exception is to the denial of his motion for a directed verdict. He contends that the trial justice erred in such ruling because the plaintiffs at the trial relied upon proof of loss of profits, which the defendant claims to be *special damages* in contemplation of law and which should have been alleged as such but were nowhere referred to in the declaration. He argues that there was a fatal variance between the proof and the allegations in the declaration, and that plaintiffs had not proved their case in accordance with the pleadings, thereby requiring the granting of his motion for a directed verdict.

In the circumstances of this case we do not agree with this contention. Loss of profits is not always and necessarily to be considered as special damages which cannot be proved or recovered unless pleaded as such. In proper circumstances they may be proved under an allegation of general damages in a case of special assumpsit, where such loss is not remote and is the natural and probable result flowing directly from the breach of the contract relied upon. This law seems to be well settled. *Simmons* v. *Brown*, 5 R. I. 299, 302 *et seq.; Burrell* v. *New York and Saginaw Solar Salt Co.*, 14 Mich. 34; 5 Williston on Contracts (Rev. ed.) 3823, §§1363, 1363A. See also *Collyer & Co.* v. *Moulton*, 9 R. I. 90; *Lieberman* v. *Templar Motor Co.*, 236 N. Y. 139, 29 A. L. R. 1089.

While the *Simmons* case involved a tort action, the rule of damages in cases *in assumpsit* was therein discussed and cited with approval. These were cases which involved the breach of a written contract for a specific amount and where the performance and completion of the work were prevented

by the wrongful act of the defendant. In such cases the plaintiffs were allowed to recover the loss of profits that would have been made from the performance of the remainder of the contract there in question, where such loss was the natural and probable result flowing directly from the breach of the contract relied upon.

In the *Burrell* case, *supra,* it was proved that the parties had entered upon the performance of a written contract; that the defendants failed to furnish and deliver materials as agreed upon; and that the performance of the contract was in substance and effect prevented by the defendant. A judgment in favor of the plaintiff was entered by the trial court and, on appeal, the supreme court of Michigan sustained the judgment, holding, among other things, that: "Where the party is to perform labor, from which a profit is to spring, as the direct result of work done at a contract price, and he is prevented from earning this profit by the wrongful act of the other party, the loss of this profit is a direct and natural result which the law will presume to follow the breach of the contract; and he is entitled to recover it without special allegations in his declaration."

The instant case, on the theory and facts relied upon by the plaintiffs at the trial, presented practically the same sort of question that was involved in the *Burrell* case, *supra.* The plaintiffs here seek recovery of what they would have earned under their contract if permitted by the defendant to complete the performance of it. In such a case the loss of profit so called is not really special damages. Therefore, if the declaration contained a sufficient allegation of general damages resulting from the alleged breach of the contract, it was not error to permit evidence of such loss of profits as flowed directly, naturally and probably from the breach of the contract. The declaration here, apart from the paragraph previously mentioned, contains sufficient allegations of the terms of the contract, the plaintiffs' ability and willingness to perform it completely, and its breach by the defendant; and it closes with a general allegation of damages. On that

view evidence of proper loss of profits would be admissible and there would not be a fatal variance between the proof and declaration, so as to require the court to grant the defendant's motion for a directed verdict. Defendant's twenty-fourth exception is therefore overruled.

The defendant's first exception, however, was to the denial of his motion to take the case from the jury and pass it on the ground of surprise. This motion was made when evidence was allowed, over his objection, to show what it would have cost the plaintiffs to complete the performance of their contract and to deduct that cost from the unpaid balance of the contract price, so as to determine the amount that they would be entitled to recover from the defendant. A similar motion was made later in the trial and is the subject of the defendant's twenty-third exception on the grounds of surprise and inability of the defendant to then obtain expert evidence in aid of his defense on this phase of the case.

In the absence of demurrer, the declaration, if liberally construed in favor of plaintiffs, contained a sufficient allegation of general damages to permit the introduction of evidence of loss of profits, and to prevent the direction of a verdict for the defendant on the ground of variance as above discussed. We nevertheless are of the opinion that in the prevailing circumstances the trial court erred in not granting the defendant a reasonable time to present a full defense. The declaration as it stood was not only duplicitous, but it was naturally misleading to the defendant as he contends. Because it was open to the natural interpretation made by the defendant, he might well have confined his preparation for defense to the question of law presented thereby. The declaration did not mention loss of profits anywhere, but appeared to claim the balance of the contract price without regard to the cost of performing the remainder of the work under it. When evidence of the reasonable cost of completing the contract was admitted over defendant's objection, and it then became clear for the first time that the plaintiffs were relying upon an apparently different claim of damages, the

defendant made a timely claim of surprise. He accordingly asked that the case be passed to permit him time to obtain expert evidence to meet what seemed to be a departure.

Had the plaintiffs then been required, in the interest of clarifying the issue, to amend their declaration to conform to the evidence and their real claim of damages, the defendant would have been entitled to claim surprise and to obtain a continuance in order to properly prepare his defense. His good faith was not questioned; nor was it claimed that his motion was an attempt to hinder or delay a prompt trial of the case. Indeed, the trial justice recognized that the defendant "would be rushed in finding experts to testify in his behalf . . . to contradict" the plaintiffs' claim as to the cost of performing the remainder of the contract; but in our opinion he did not grant a reasonable time for the defendant to obtain such expert witnesses.

Considering the peculiar allegations in this declaration, the misleading nature thereof, and the character of the evidence finally required to determine the real issue, we are of the opinion that justice required that the case be passed, or at least continued for a reasonable time, to permit the defendant to obtain the testimony of experts and to have a full and fair trial. In the circumstances the trial justice erred in denying the defendant's motions to pass the case or to grant a reasonable continuance, and his first and twenty-third exceptions are therefore sustained. In view of these conclusions, the other exceptions need not be considered.

The defendant's twenty-fifth exception in the case against Gertrude L. Palfrey is sustained, and the parties may appear before this court on May 7, 1947 to show cause, if any they have, why that case should not be remitted to the superior court with direction to enter a judgment for the defendant.

The defendant's first and twenty-third exceptions in the case against Edgar W. Palfrey are sustained, and the case is remitted to the superior court for a new trial.

*Stephen A. Fanning*, for plaintiffs.

*Roger L. McCarthy*, for defendants.